Raymond W. Martin, # 5-2384
Kristin M. Nuss, #6-4075
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue, P.O. Box 328
Cheyenne, WY  82003-0328
(307)632-6421
(307)632-7216 (fax)
rmartin@spkm.org
knuss@spkm.org
*Attorneys for Airport Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| **SKY HARBOR AIR SERVICE, INC.,** )<br>**A Wyoming Corporation, H. Paul Martin,** )<br> )<br>**Plaintiffs,** )<br>**vs.** )<br> )<br> )<br>**SHELLY REAMS, individual, CHEYENNE** )<br>**REGIONAL AIRPORT BOARD, a Wyoming** )<br>**Corporation, SCOTT HINDERMAN, in his** )<br>**individual and official capacity, JAMES** )<br>**JAGUSCH, in his individual and official** )<br>**capacity, WILLIAM L. HICKMAN, in his** )<br>**individual and official capacity, KEVIN** )<br>**PAINTNER, in his individual and official** )<br>**capacity, DAVE HARING, in his individual** )<br>**and official capacity, GREAT LAKES** )<br>**AVIATION, LTD./dba GREAT LAKES** )<br>**AIRLINES JOHN DOES One through Five, in** )<br>**their individual and official capacities,** )<br> )<br>**Defendants.** ) | **Case No. 08-CV-150-D** |

## CHEYENNE AIRPORT BOARD'S MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT ON DAMAGES

Defendant Cheyenne Regional Airport Board, by and through its attorneys, for its memorandum of law in support of the renewed Motion for Summary Judgment on its counterclaim for damages, states as follows:

## INTRODUCTION

The Court's Order on Summary Judgment dated May 27, 2010 found that summary judgment is appropriate on the counterclaim filed by the Cheyenne Regional Airport Board ("the Board"). (See Order on Summary Judgment, docket #187-2, at p. 58). The Board hereby submits this Memorandum in Support of its renewed Motion for Summary Judgment in order to supply the Court with the evidence necessary to determine the amounts due to the Board from Sky Harbor.

## LEGAL ARGUMENT

*Monthly Rent Payments and Deferred Rent*

The Paint Shop Lease ("PS Lease") provided that Sky Harbor would pay the Board regular monthly rent payments of $9,500.00 for the period of November 1, 2003 through October 31, 2006. (See Exhibit A-1 at page 3, ¶3(A)). On November 1, 2006, the rent was to increase by 1.5 percent. (Exhibit A-1 at page 3, ¶3(B)). By October of 2006, Sky Harbor was so seriously delinquent in rent payments that the parties agreed to amend the PS Lease to set a schedule for payment of the back rent. In the PS Lease Amendments, Sky Harbor agreed to pay deferred back rent over a period of seven months in addition to the regular monthly rent payment of $9,500.00. The deferred rental payments totaled $114,000.00 as of the date of the Amendments. (Exhibit A-3 at page 2,

¶3). Sky Harbor was to pay $1,000 along with the October 2006 base rent; $2,000 along with the November 2006 base rent; $3,000 along with the December 2006 base rent; $4,000 along with the January 2007 base rent; and $104,000 was to be paid as a balloon payment no later than April 30, 2007, for a total of $114,000.00. (Exhibit A-3 at page 2, ¶3(a-e)). Sky Harbor paid the first three payments. (See Exhibit A and A-4). It also paid $2,376.72 toward the $4,000 payment, leaving an amount owing of $1,623.78. (See Exhibit A and A-4). However, Sky Harbor failed to pay the $104,000 balloon payment by April 30, 2007. Thus, Sky Harbor paid a total of $8,376.72 of the $114,000 in deferred rent. The Affidavit of David S. Haring, attached hereto and incorporated herein by reference as Exhibit A, as well as the invoices and checks attached thereto, evidence the Board's calculation of the amounts owed by Sky Harbor.

Sky Harbor further failed to pay the monthly rent payments from March through December 2007. (See Exhibit A). The PS Lease provides for interest at two percent (2%) per month on any amounts not paid when due. (Exhibit A-1 at page 4, ¶D). It also provides for a monthly collection service charge of five percent (5%) of the unpaid amount. (Exhibit A-1 at page 4, ¶E). The Affidavit of David S. Haring (Exhibit A), shows the calculation of rent owed, plus interest and collection fees where applicable, for the unpaid amounts from March through September of 2007. The Court noted in its Order Granting Summary Judgment that the Board failed to include details of the agreement waiving interest and collection fees from October to December of 2007. The Board, through Mr. Haring, agreed to withhold interest and collection charges as long as

3

payments were received. Sky Harbor was informed that interest and collection fees would be added to the aging accounts in the absence of payment. (See Exhibit A-5). Although Sky Harbor did not make payments, Mr. Haring confirmed in a letter to Mr. Martin on December 7, 2007, that the Board's waiver of interest and collection fees had resulted in nearly $13,000 in abated interest and collection fees for Sky Harbor. (See Exhibit A-5). Because the Board has indicated to Mr. Martin and has stated in prior pleadings with this Court that it would waive those charges, it will do so. Therefore, the Board does not seek interest and collection fees from October 2007 to December 19, 2007.

The Board terminated the PS Lease in December 2007. However, the parties agreed that Sky Harbor would have until March 25, 2008, to vacate the property. The Board attempted to re-let the Paint Shop building in an effort to mitigate its damages, but was stalled by Sky Harbor's Petition for Preliminary Injunction, which was pending until November 10, 2008, when it was ultimately denied by this Court. As a result of Sky Harbor's failure to pay rent and the request for an injunction, the Board was unable to mitigate its damages. However, the Board has opted not to seek double rent for the tenancy at sufferance. The Board seeks only the base rent for the months that Sky Harbor

remained in possession of the premises after termination of the PS Lease from January 2008 through March 2008. (See Exhibit A-4).[1]

The amount of rent, penalties, and interest due through termination of the PS Lease in December of 2007 is $226,445.21. However, the total amount due when including the holdover period through March 25, 2008, when Sky Harbor vacated the Paint Shop, is $253,052.09. (Exhibit A-4).

The Board also incurred costs for cleanup, removal and disposal of hazardous materials which Sky Harbor failed to remove when it vacated the Paint Shop. The PS Lease provides that the hazmat must be cleaned and removed upon termination of the agreement: "Through termination of this agreement or any other means, said facility will be returned to an environmental state equivalent to the state of existence on the date of execution of this agreement." (Exhibit A-1 at page 14, ¶31). Paul Martin agreed the PS Lease makes the tenant responsible for hazmat removal. (Exhibit B, Martin at 123:1-6). The Board spent $23,804.76 for removal and disposal of the hazardous materials generated by Sky Harbor. The Board's claim for the hazmat removal expenses is further supported by the Affidavit of David Haring. (Exhibit A and A-4). Counsel for the Board also sent demand letters to Sky Harbor's attorney in May of 2009 requesting

---

[1] The Board has also determined not to seek recovery of the rent payments that were never realized from Great Lakes Airlines as a result of Sky Harbor's injunction request.

reimbursement of the hazmat expenses pursuant to the PS Lease. (See letters to counsel, attached hereto and incorporated herein by reference as Exhibit C).

Sky Harbor also failed to pay the Board for the property insurance premium payments that were to be reimbursed under the PS Lease. The PS Lease provides: "In addition Lessee shall pay to the Airport annually an amount equal to the premium for property insurance coverage and time element insurance coverage on those premises occupied by Lessee as outlined in paragraph one (1) LEASED AREA above. (Exhibit A-1 at page 10, ¶17). Sky Harbor did not make the required reimbursement for insurance payments for 2007-2008. (See Exhibit A). The amount due and owing for the property insurance premium is $3,656.66. (See Exhibit A, A-4 and A-6).

Pursuant to the PS Lease, the non-breaching or non-defaulting party is entitled to recover attorneys' fees and costs incurred in enforcing the lease. The PS Lease provides: "In the event of breach or default by either party, the other party shall be entitled to recover all costs and expenses of enforcement, including reasonable attorney's fees, whether or not litigation is actually commenced." (Exhibit A-1 at page 14, ¶30). Attorneys' fees are permitted when provided for by statute or contract. *See, e.g., Bruegger v. National Old Line Ins. Co.*, 387 F. Supp. 1177, 1184 (D. Wyo. 1975); *Bowers Welding & Hotshot v. Bromley*, 699 P.2d 299, 307 (Wyo. 1985). The Board incurred and paid $149,926.97 in attorney's fees for the defense of those portions of this case involving the contract and counterclaim. In an effort to be very conservative in its request for attorneys' fees, the Board has deducted all fees that were unrelated to the

6

contract issues.  It has also reduced by 50 percent all fees associated with drafts of summary judgment motions due to Plaintiff's federal claims that, in part, could be construed as unrelated to the Paint Shop Lease, which provides for the reimbursement of attorneys' fees.  Copies of the redacted bills and payment records are attached to the Affidavit of David S. Haring as Exhibit A-7. The Affidavit of William M. McKellar, Esq., is attached as Exhibit D.  Upon review of the file, Mr. McKellar has determined the attorneys' fees were reasonable and necessary.

## CONCLUSION

The Court has previously held that the Board is entitled to summary judgment on its counterclaim. Consequently, the Board is entitled to past due rent, penalties and interest in the amount of $253,052.09; costs for hazmat removal in the amount of $23,804.76; costs of insurance premiums in the amount of $3,656.66; and attorneys' fees in the amount of $149,926.97. The Board is entitled to its damages in the total amount of $430,440.48 as evidenced by the exhibits attached hereto.

The Board respectfully requests the Court enter its Order granting the Board summary judgment for damages on its counterclaim in the amount of $430,440.48 against Sky Harbor.

DATED this ___19th___ day of July, 2010.

Raymond W. Martin, # 5-2384
Kristin M. Nuss, #6-4075
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue, P.O. Box 328
Cheyenne, WY  82003-0328
(307)632-6421
(307)632-7216 (fax)
rmartin@spkm.org
knuss@spkm.org
*Attorneys for Airport Defendants*

## CERTIFICATE OF SERVICE

I certify the foregoing pleading was served on this _19_ day of July 2010, and that copies were served as follows:

Karen Budd Falen
Budd-Falen Law Offices, LLC
PO Box 346
Cheyenne, WY 82003

[_____] U.S. Mail
[_____] Fax
[_____] Hand Delivered
[__✓__] E-mailed
[__✓__] Efiled

Brad Cave. Joanna R. Vilos, Tyler Garrett
Holland & Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347

[_____] U.S. Mail
[_____] Fax
[_____] Hand Delivered
[_____] E-mailed
[__✓__] Efiled

Richard G. Schneebeck, Robert C. Jarosh,
Lindsay A. Woznick
Hirst Applegate, P.C.
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083

[_____] U.S. Mail
[_____] Fax
[_____] Hand Delivered
[_____] E-mailed
[__✓__] Efiled

Melissa E. Westby
Wyoming Attorney General's Office
Herschler Building, 1st Floor NW
Cheyenne, WY 82002

[_____] U.S. Mail
[_____] Fax
[_____] Hand Delivered
[_____] E-mailed
[__✓__] Efiled

Nicholas Vassallo
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668

[_____] U.S. Mail
[_____] Fax
[_____] Hand Delivered
[_____] E-mailed
[__✓__] Efiled

_Raymond W. Martin_
Raymond W. Martin