Karen Budd-Falen
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, WY 82003-0346
Telephone: (307) 632-5105
Telefax: (307) 637-3891
karen@buddfalen.com

ATTORNEY FOR SKY HARBOR AIR SERVICE, INC.,
A WYOMING CORPORATION, H. PAUL MARTIN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SKY HARBOR AIR SERVICE, INC., A Wyoming Corporation, H. Paul Martin | )<br>)<br>) |
| Plaintiffs-Counter-Defendants, | )<br>) |
| v. | ) Civil Action No. 08-CV 150 D<br>) |
| SHELLY REAMS, individual, CHEYENNE REGIONAL AIRPORT BOARD, a Wyoming Corporation, SCOTT HINDERMAN, in his individual and official capacity, JAMES JAGUSCH, in his individual and official capacity, WILLIAM L. HICKMAN, in his individual and official capacity, KEVIN PAINTER, in his individual and official capacity, DAVE HARING, in his individual and official capacity, GREAT LAKES AVIATION, LTD d/b/a/ GREAT LAKES AIRLINES, JOHN DOES One through Five, in their individual and official capacities, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFFS' MOTION FOR RULE 54(b) CERTIFICATION

Plaintiffs, by and through the undersigned counsel, hereby request this Court certify an appeal to the Tenth Circuit Court of Appeals pursuant to Fed. R. Civ. P. 54(b) regarding the May 27, 2010 Order on Motions for Summary Judgment. The May 27, 2010 Order granted summary judgment to Defendants on both Plaintiffs' claims and on Defendant's counterclaim. Fed. R. Civ. P. 54(b) authorizes the Court to enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005). See, e.g., 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice & Proc. § 2656, at 48-60 (3d ed.1998). See also Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

Rule 54(b) certification is appropriate when the district court makes two express written determinations. First, the district court must determine that its judgment is final. Second, the court must determine that no just reason for delay of entry of its judgment exists. Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005). The Rule 54(b) order must have a written explanation supporting each determination.

In determining whether the judgment is final, the District Court should consider the following factors: 1) whether the claims proposed for appellate review are separable from the others remaining to be adjudicated, and 2) whether the nature of the claims

1

already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. Stockman's Water Co., LLC, 425 F.3d at 1265.

The mere presence of counterclaims does not render a Rule 54(b) certification inappropriate, for "[i]f it did, Rule 54(b) would lose much of its utility." Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 452 (1956) (counterclaims, whether compulsory or permissive, present no special problems for Rule 54(b) determinations; counterclaims are not to be evaluated differently from other claims.) Where, as here, the counterclaims are severable from the claims which were determined in terms of both the factual and the legal issues involved, certification is appropriate under Rule 54(b). Id.

Counsel for Plaintiffs e-mailed Counsel for all Defendants regarding this request. Counsel for Defendant Airport states that he does not oppose an appeal of the May 27, 2010 decision to the Tenth Circuit Court at this time but would not consent to a stay of a determination on the counterclaim damages; counsel for Plaintiffs was not able to reach counsel for Defendant Reams and counsel for Defendant Great Lakes prior to this Motion.

WHEREFORE, the Plaintiffs respectfully request that this Court grant its Motion for Fed.R.Civ.P. 54(b) Certification and issue the appropriate written Order. A Memorandum is filed in support of this Motion on even date herewith.

RESPECTFULLY SUBMITTED this 23rd day of July, 2010.

        /s/Karen Budd-Falen
        Karen Budd-Falen
        BUDD-FALEN LAW OFFICES, LLC
        300 East 18th Street
        Post Office Box 346
        Cheyenne, WY 82003-0346
        (307) 632-5105 Telephone
        (307) 637-3891 Telefax
        karen@buddfalen.com

ATTORNEY FOR SKY HARBOR AIR SERVICE, INC.,
A WYOMING CORPORATION, H. PAUL MARTIN

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that I caused a true and correct copy of the foregoing Plaintiffs' Motion for Rule 54(b) Certification, to be served as specified below on this 23rd day of July, 2010 to the following:

**U.S. Mail**
Bradley T. Cave
Joanna R. Vilos
Tyler Garrett
Holland & Hart LLP
2515 Warren Avenue, Suite 450
Post Office Box 1347
Cheyenne, WY 82003

**Electronic**
Richard G. Schneebeck
Robert C. Jarosh
Lindsay A. Woznick
Hirst Applegate, P.C.
rschneebeck@hirstapplegate.com
rjarosh@hirstapplegate.com
lwoznick@hirstapplegate.com

**Electronic**
Raymond W. Martin
Kristin M. Nuss
Sundahl, Power, Kapp & Martin
rmartin@spkm.org
knuss@spkm.org

**Electronic**
Melissa E. Westby
Wyoming Attorney General's Office
Herschler Building, 1st Floor NW
Cheyenne, WY 82002
mwestb@state.wy.us

**Electronic**
Kelly Rankin
Nicholas Vassallo
Assistant U.S. Attorney
nick.vassallo@usdoj.gov

/s/Karen Budd-Falen
Karen Budd-Falen