Karen Budd-Falen
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, WY 82003-0346
Telephone: (307) 632-5105
Telefax: (307) 637-3891
karen@buddfalen.com

ATTORNEY FOR SKY HARBOR AIR SERVICE, INC.,
A WYOMING CORPORATION, H. PAUL MARTIN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SKY HARBOR AIR SERVICE, INC., A Wyoming Corporation, H. Paul Martin ) ) ) Plaintiffs-Counter-Defendants, ) ) v. ) ) SHELLY REAMS, individual, CHEYENNE ) REGIONAL AIRPORT BOARD, a Wyoming ) Corporation, SCOTT HINDERMAN, in his ) individual and official capacity, JAMES ) JAGUSCH, in his individual and official ) capacity, WILLIAM L. HICKMAN, in his ) individual and official capacity, KEVIN ) PAINTER, in his individual and official capacity, ) DAVE HARING, in his individual and official ) capacity, GREAT LAKES AVIATION, LTD ) d/b/a/ GREAT LAKES AIRLINES, JOHN DOES ) One through Five, in their individual and official ) capacities, ) ) Defendants. ) | Civil Action No. 08-CV 150 D |

# MEMORANDUM IN SUPPORT OF MOTION
# FOR RULE 54(b) CERTIFICATION

Plaintiffs, by and through counsel, hereby request this Court certify an appeal to the Tenth Circuit Court of Appeals pursuant to Fed. R. Civ. P. 54(b) of the May 27, 2010 Order on Motions for Summary Judgment.  The May 27, 2010 Order granted summary judgment to Defendants on both Plaintiffs' claims and on Defendant's counterclaim.  On even date herewith and by separate Motion, Plaintiffs also request a stay of proceedings under Fed. R. Civ. P. 62(h) related to the damages portion of this case in order to give their appeal to the Tenth Circuit Court of Appeals the chance to be heard and decided. In support of this Motion, Plaintiffs state as follows:

## I.  REQUEST FOR CERTIFICATION OF FINAL JUDGMENT PER RULE 54(b)

Fed. R. Civ. P. 54(b) authorizes the Court to enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Jordan v. Pugh,* 425 F.3d 820, 826 (10th Cir. 2005). *See, e.g.,* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice & Proc. § 2656, at 48-60 (3d ed.1998).  *See also Curtiss- Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

In the Tenth Circuit Court, Rule 54(b) certification is appropriate when the district court makes two express written determinations. First, the district court must determine that its judgment is final. Second, the court must determine that there is no just reason for delay of entry of its judgment. Stockman's Water Co., LLC v. Vaca

Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005). The Rule 54(b) order must have a written explanation supporting each determination. In making these determinations the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. Id. quoting Curtiss-Wright, 446 U.S. at 7-8.

In determining whether the judgment is final, the district court should consider the following factors: 1) whether the claims proposed for appellate review are separable from the others remaining to be adjudicated, and 2) whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. Stockman's Water Co., LLC, 425 F.3d at 1265 (citing Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)).

The mere presence of counterclaims does not render a Rule 54(b) certification inappropriate, for "[i]f it did, Rule 54(b) would lose much of its utility." Curtiss-Wright, 446 U.S. at 7; Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 452, 76 S.Ct. 904, 908. 100 L.Ed. 1311 (1956) (counterclaims, whether compulsory or permissive, present no special problems for Rule 54(b) determinations; counterclaims are not to be evaluated differently from other claims.) Where, as here, the counterclaims are severable from the claims which were determined in terms of both

the factual and the legal issues involved, certification is appropriate under Rule 54(b).

Id.

## II. CERTIFICATION OF FINAL JUDGMENT PER RULE 54(B) IS APPROPRIATE IN THIS CASE

### A. The Orders Are Final

#### 1. Nothing more for the District Court to decide is left on Plaintiffs' claims and liability

"A judgment is 'final' for purposes of Rule 54(b) certification when it represents the ultimate disposition of an individual claim entered in the course of a multiple claims action." *Rural Water, Sewer & Solid Waste Mgt Dist. No. 1, Logan Cty OK v. City of Guthrie*, 2008 WL 490635, at *2 (W.D. Okla, Feb. 21, 2008) (internal quotations omitted). This Court's Order dated May 27, 2010, ultimately resolved all of Plaintiffs' claims against the Defendants and Plaintiffs' liability as to the Airport Defendant. There remains nothing more to be done by this Court with respect to the Court's determination on the issue of liability. Thus, the disposition of the claims and counterclaim with regard to liability is final.

#### 2. The issues and facts on the issue of liability are separable and distinct from the issues and facts related to damages to be determined against Plaintiffs

Claims certified for purposes of Rule 54(b) are separate where the underlying factual and legal questions are distinct from those remaining for trial. Immediate

3

appellate review of these interpretations of law relating to liability will not result in a duplication of effort in any successive appeal.

The first factor, finality, is present here. "To be considered 'final,' an order must be final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright, 446 U.S. 1, 7 quoting Sears, 351 U.S. at 436; Oklahoma Turnpike Auth., 259 F.3d at 1242. In this context, the term "claim" permits the district court to focus on whether and to what degree the dismissed claims are factually or legally connected to, or separable from, the remaining claims. Id. at 1242. In making this determination, courts can look to the degree of factual overlap and the relief sought. Id.

In this case, the May 27, 2010 Order granted summary judgment on all liability claims. There is a great degree of separation, and little, if any, overlap between the dismissed and determined claims and the remaining monetary claim, on either a factual or legal basis, or based on the relief sought.

      **a.    There is no factual overlap between the May 27, 2010 Order and the remaining issues to be tried in the District Court**

In this case, the remaining allegations related to monetary compensation are separate and distinct from those issues already decided by this Court. In deciding liability on all claims, the District Court ruled that Plaintiffs had no legally sufficient evidence to present to a jury that would allow any relief on its claims or cause the

reduction or defeat of the Airport Defendant's counterclaim.  Accordingly, the Airport Defendant has now filed a Motion for Summary Judgment on damages, a procedure available only if no undisputed facts or law exists.  The Airport's Motion indicates that it believes there are no disputed facts and law and that relief can be granted without an evidentiary hearing.  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Thus, the remaining matter is factually distinct from the dismissed facts.

        **b.**      **There is no legal overlap between the May 27, 2010 Order and the remaining issues to be tried in the District Court**

Second, there is complete legal separation between the dismissed and remaining matters.  None of the grounds for granting summary judgment apply to adjudicating the remaining claim, meaning the issues for presentation on appeal are separate and distinct.  Therefore, an immediate appeal would not involve issues which might again need to be addressed before the Tenth Circuit Court.

        **c.**      **There is no overlap in the relief sought between the May 27, 2010 Order and the remaining issues to be tried in the District Court**

The relief sought on the remaining matter is separate as well from the relief granted in the May 27, 2010 Order.  Plaintiffs sought damages for its claims and dismissal of the counterclaim.  None of those contentions remain and only one

defendant, the airport, is seeking damages by contending the amount is certain and undisputed.

### B. There Is No Just Reason For Delay

In this case, concern for efficient judicial administration and the equities militates in favor of Rule 54(b) certification. Although, no precise test has been developed for determining whether "just cause" exists for delay, the <u>Curtiss</u> decision encouraged courts to consider the list inexhaustive when necessary.  <u>Curtiss</u>, 466 U.S. at 8.  Generally, courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals, against the hardship or injustice that might be inflicted on a litigant because of the delay.  <u>United Bank of Pueblo v. Hartford Acc. & Indem. Co.</u>, 529 F.2d 490, 492 (10th Cir. 1976).

 The limited purpose of this rule provides recourse for litigants when dismissal of less than all their claims will create undue hardships. The trial judge is empowered under the rule to avoid harsh results and improve administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule.  <u>Curtiss</u>, 466 U.S. at 8.

A substantial interest exists in pursuing an immediate appeal on the part of the parties whose claims have been completely dismissed or are no longer parties in the remaining claim.  The parties have a legitimate desire to have their appeal heard before proceeding to trial relating to damages.  With regard to the only remaining Defendant, if

Plaintiffs' Tenth Circuit Appeal is successful, it will alter any remaining monetary issues before this Court.  Similarly, the Defendants who have been completely dismissed from this litigation have an interest in seeing that the legal claims against them are promptly adjudicated.

      Additionally, a damages trial against the Plaintiffs without all claims and any or significant defenses is an undesirable, if not harsh result.  The Plaintiffs appeal should be heard now so that the Tenth Circuit Court may determine if any of Plaintiffs' facts, side of the story, or theory of the case applies to the issue of damages.  If a damages trial is completed now, it may well have to be repeated if Plaintiffs prevails on their Tenth Circuit Court appeal.  Holding two damages trials would be a waste of this Court's resources and time.  Loss of timely resolution is an undue burden that significantly outweighs the only countervailing concern, inconvenience to Airport Defendants.

      WHEREFORE Premises considered Plaintiffs hereby request this Court certify an appeal by written determination of its May 27, 2010 Order pursuant to  Fed. R. Civ. P. 54(b).

//
//
//
//
//

RESPECTFULLY REQUESTED this 23rd day of July, 2010.

          /s/Karen Budd-Falen
          Karen Budd-Falen
          BUDD-FALEN LAW OFFICES, LLC
          300 East 18th Street
          Post Office Box 346
          Cheyenne, WY 82003-0346
          (307) 632-5105 Telephone
          (307) 637-3891 Telefax
          karen@buddfalen.com

          ATTORNEY FOR SKY HARBOR AIR SERVICE, INC.,
          A WYOMING CORPORATION, H. PAUL MARTIN

## **CERTIFICATE OF SERVICE**

      I, the undersigned, certify that I caused a true and correct copy of the foregoing Memorandum in Support of Motion for Rule 54(b) Certification, to be served as specified below on this 23rd day of July, 2010 to the following:

**U.S. Mail**
Bradley T. Cave
Joanna R. Vilos
Tyler Garrett
Holland & Hart LLP
2515 Warren Avenue, Suite 450
Post Office Box 1347
Cheyenne, WY 82003

**Electronic**
Richard G. Schneebeck
Robert C. Jarosh
Lindsay A. Woznick
Hirst Applegate, P.C.
rschneebeck@hirstapplegate.com
rjarosh@hirstapplegate.com
lwoznick@hirstapplegate.com

**Electronic**
Raymond W. Martin
Kristin M. Nuss
Sundahl, Power, Kapp & Martin
rmartin@spkm.org
knuss@spkm.org

**Electronic**
Melissa E. Westby
Wyoming Attorney General's Office
Herschler Building, 1st Floor NW
Cheyenne, WY 82002
mwestb@state.wy.us

**Electronic**
Kelly Rankin
Nicholas Vassallo
Assistant U.S. Attorney
nick.vassallo@usdoj.gov

      /s/Karen Budd-Falen
      Karen Budd-Falen