Karen Budd-Falen
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, WY 82003-0346
Telephone: (307) 632-5105
Telefax: (307) 637-3891
karen@buddfalen.com

ATTORNEY FOR SKY HARBOR AIR SERVICE, INC.,
A WYOMING CORPORATION, H. PAUL MARTIN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

SKY HARBOR AIR SERVICE, INC., A Wyoming Corporation, H. Paul Martin

Plaintiffs-Counter-Defendants,

v.

SHELLY REAMS, individual, CHEYENNE REGIONAL AIRPORT BOARD, a Wyoming Corporation, SCOTT HINDERMAN, in his individual and official capacity, JAMES JAGUSCH, in his individual and official capacity, WILLIAM L. HICKMAN, in his individual and official capacity, KEVIN PAINTER, in his individual and official capacity, DAVE HARING, in his individual and official capacity, GREAT LAKES AVIATION, LTD d/b/a/ GREAT LAKES AIRLINES, JOHN DOES One through Five, in their individual and official capacities,

Defendants.

Civil Action No. 08-CV 150 D

---

**PLAINTIFF/COUNTER DEFENDANT'S SUR-REPLY TO DEFENDANT/COUNTER PLAINTIFF'S AIRPORT BOARD'S RENEWED MOTION FOR SUMMARY JUDGMENT**

---

COME NOW, the Plaintiffs/Counter Defendants Sky Harbor and Paul Martin ("Sky Harbor") by and through their undersigned attorney, Karen Budd-Falen of the Budd-Falen Law Offices, LLC, and hereby submit this sur-reply to respond to a newly proffered exhibit attached to Defendant/Counter Plaintiff's Reply to Plaintiffs/Counter Defendants Response to Airport Board's Renewed Motion for Summary Judgment, filled on August 23, 2010 ("Reply"). Doc. No. 212. This sur-reply is not for the purposes of re-arguing any point, but to respond to the newly proffered document attached as Exhibit A-1 to the Airport Board's reply brief which was not previously disclosed to Sky Harbor and point out the errors in Airport Board's reply.

## I. AIRPORT BOARD'S REPLY EXHIBIT A-1 HAS NEVER BEEN PRESENTED TO SKY HARBOR AND DOES NOT PROVIDE EVIDENCE OF THE TRUTH OF THE MATTER ASSERTED

In the Airport Board's Reply and in response to Sky Harbor's argument that the Airport violated its Economic Development Administration's ("EDA") statutory and regulatory requirements by failing to contact the EDA prior to requiring additional rent, changing the Paint Shop lease or engage in other violations of federal law, the Airport now produces Exhibit A-1, an after hours e-mail from Airport Manager Haring with a late evening response from an unknown EDA employee's Blackberry telephone. This Exhibit purportedly supports the Airport Board's contention that it complied with all EDA requirements and regulations in its dealings related to the Paint Shop lease with Sky Harbor. There are several serious problems with this new Exhibit.

First, this Exhibit has never been previously disclosed to Sky Harbor during the Rule 26(a)(1)(A) self-executing discovery in this case, nor was it produced as part of Defendant Haring's deposition even though Sky Harbor specifically asked whether the Airport Board had given all the EDA documents[1] to Plaintiffs. Plaintiffs Complaint was filed on June 6, 2008, and self executing discovery was completed in January, 2009. Given that the e-mail is dated September 11, 2008, it was clearly in existence and should have been disclosed at some point to Sky Harbor. It is prejudicial to introduce this exhibit almost two years after-the-fact to support the Airport Board's actions in this case.

Second, Mr. Haring's e-mail notifies this unknown EDA employee[2] that, in fact, the Airport has not complied with its federal funding requirements over a period of years and asks for guidance. As stated above, Mr. Haring's e-mail was sent to the EDA on September 11, 2008, three months after Sky Harbor filed suit and requested a preliminary injunction to enforce the federal conditions that are part of Sky Harbor's leases. Rather than disclosing the litigation and facts of the case to Mr. Rogers so that a

---

[1] The failure to produce this e-mail is a violation of the discovery rules. Even if this e-mail did not exist on the date of the Complaint, at a minimum, the Airport Board should have supplemented its discovery with this e-mail when it was sent and received on September 28, 2008.

[2] It is not even known if "Mr. Rogers" at the EDA, to whom the e-mail is addressed, has the authority to waive the EDA lease violations or render any opinion at all about them.

final decision or agency action on the Airport's past actions could be officially rendered by the EDA, the Airport Manager simply represented to Sky Harbor and this Court at the October 15, 2008 oral argument that all EDA requirements were met. This e-mail contains no indices that the EDA made a final determination on the Paint Shop lease rent or that Mr. Rogers even had such authority within the EDA. This e-mail cannot be evidence of the "truth of the matter asserted" and violates the hearsay rules of the Federal Rules of Evidence. See FRE 801, 802. As such[3], the statements in this e-mail cannot be used is support of the Airport Board's Renewed Motion for Summary Judgment to support the alleged fact that the EDA was in agreement with the Airport Board's substantial rent increase in the Paint Shop lease.

Third, if this e-mail is "evidence," it confirms that the EDA expected the Airport to comply with the EDA requirements that its leases be for "fair market value." Thus, this e-mail actually supports Sky Harbor's argument that the Airport injected an illegal purpose into the unapproved, altered lease and the imposed excessive rent terms violated federal law and its federal agreements.[4]

---

[3] This e-mail starts in the middle of the page, with no explanation of what was deleted on the first half of the page. At a minimum, the entire context of the e-mail should be included in the record.

[4] It is interesting that the Airport Board would complain that Sky Harbor's representation by legal counsel during lease renegotiations would bind Sky Harbor to agree to violate the EDA requirements, then claim that the Airport should be excused from its compliance failures which are caused by lack of institution memory from management changes the Airport Board's general counsel, John C. Patton, signed its

With regard to the Airport Board's objections to Sky Harbor's Exhibits in response to the Renewed Motion for Summary Judgment, as permitted by Fed.R.Civ.P. 56 and Tenth Circuit precedent, Sky Harbor properly responded to the Airport' Renewed Motion for Summary Judgment with affidavits, public records, and documents on official agency letterhead or referenced by documents already part of the summary judgment record before the court. Law Co., Inc., v. Mohawk Const., 577 F.3d 1164, 1170-72 (10th Cir. 2009); Gallegos v. Swift, 237 F.R.D. 633, 641 (D.Colo. 2006) quoting Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1423 (10th Cir. 1991); Anderson v. Cramlet, 789 F.2d 840, 845 (10th Cir. 1986); see also New Mexico ex rel. Richardson v. BLM, 565 F.3d 683 (10th Cir. 2009)(application of judicial notice to agency records); O'Tool v. Northrop Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007). For example, the EDA recorded mortgage was a document submitted by the Airport in its answer to the lawsuit and is found in the record at Document 18. The documents submitted by Sky Harbor should be considered by this Court.

## II. SKY HARBOR IS NOT ASSERTING A PRIVATE RIGHT OF ACTION IN THIS CASE

Sky Harbor is not asserting a private right of action under federal statute in this case. See Reply at 10. Sky Harbor's argument is simply that a lease imposing obligations

---

EDA grant applications, drafted or approved all its Paint Shop leases, filed and continued the state court action against Sky Harbor, and executed the stipulated agreement ending that litigation.

in violation of federal statute and regulation is illegal and unenforceable, thus a party to an illegal obligation may defend itself against that obligation whether or not the law being violated creates a private right of action. In Kaiser, defendants defeated the illegal obligation created by the contract, not by entering a private right of action under the Sherman Act, but by demonstrating that the obligation created by the contract to which it was a party was inconsistent with federal law and thus could not be enforced by federal courts. Kaiser Steel Corp v. Mullins, 455 U.S. 72, 77 (1982). Specifically the court stated:

> Refusing to enforce a promise that is illegal under the antitrust or labor laws is not providing an additional remedy contrary to the will of Congress. A defendant proffering the defense seeks only to be relieved of an illegal obligation and does not ask any affirmative remedy based on the antitrust or labor laws. "[A]nyone sued upon a contract may set up as a defense that it is a violation of the act of Congress, and, if found to be so, that fact will constitute a good defense to the action."

Id.

Sender does not further the Airport's argument. Sender v. Simon and Baker Family Partnership, 84 F.3d 1299 (10th Cir. 1996). It is true the court engages in an analysis of the Bankruptcy Trustee's standing under the Code anytime a Trustee seeks to use his avoiding powers under 11 U.S.C. § 541. This is merely a question of whether the Trustee may stand in the shoes of the debtor as to a particular claim and has nothing to do with the separate question of whether the debtor has standing to sue its contractual counterparty.

As it happened, the court did find that *Sender* had standing under the code, that he could “stand[] in the shoes of the debtor and "[could] take no greater rights than the debtor himself had." H.R.Rep. No. 595, 95th Cong., 1st Sess. 368, reprinted in 1978 U.S.C.C.A.N. 5963, 6323. This means the trustee is " 'subject to the same defenses as could have been asserted by the defendant had the action been instituted by the debtor.'” Sender, 84 F.3d at 1304-06. Even if the court had found otherwise, this would prove little except that the Airport, the logical analog to Mr. Sender, has the obligation to establish its standing as to the claims it asserts against Sky Harbor and Sky Harbor, just like the defendants in Sender, is free to defend itself from illegal and unenforceable obligations. Sender, 84 F.3d at 1304-06.

**III. THE AIRPORT VIOLATED FEDERAL STATUTE AND REGULATION**

The Airport argues the fact that two companies accepted the Paint Shop lease with the rent term at about $9,500 per month establishes undisputed market value rent, and that “market value” is a term to be set at its discretion in accordance with its newly adduced Exhibit e-mail. This is incorrect. While the Court rejected Sky Harbor’s affirmative liability defenses of estoppel and res judicata with respect to the Paint Shop lease, it did so on immunity grounds based on timeliness. Now the Airport’s assertion is that Paint Shop contract rent is federally compliant because it was properly agreed to by unfettered market participants is as factually unfounded as it is ill-grounded legally. As

explained it Sky Harbor's response brief, the EDA sets and controls the rent on the Paint Shop through its lease during the project's useful life. 13 C.F.R § 314.1.

## IV. CONGRESS HAS SET FORTH THE PUBLIC POLICY TO WHICH THIS COURT MUST ADHERE

Sky Harbor has not harmed taxpayers. See Airport Reply at 3. Public policy in this case has been set by Congress and adopted by the City of Cheyenne's authorizing resolution, in the Airport Board's own authorizing resolution, and in the plain language expressing the particular public purpose of this project in the EDA grant application, award and mortgage. Exhibit A-1 of the Reply only further support's Sky Harbor's contention that the EDA is unaware of the true nature of the violations of the Airport Board.

RESPECTFULLY SUBMITTED this 1st day of September, 2010.

/s/Karen Budd-Falen
Karen Budd-Falen
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, WY 82003-0346
(307) 632-5105 Telephone
(307) 637-3891 Telefax
karen@buddfalen.com

ATTORNEY FOR SKY HARBOR AIR SERVICE, INC.,
A WYOMING CORPORATION, H. PAUL MARTIN

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that I caused a true and correct copy of the foregoing, Plaintiff/Counter Defendant's Sur-Reply to Defendant/Counter Plaintiff's Airport Board's Renewed Motion for Summary Judgment, to be served electronically this 1st day of September, 2010 to the following:

Bradley T. Cave
Joanna R. Vilos
Tyler Garrett
Holland & Hart LLP
bcave@hollandhart.com
jvilos@hollandhart.com
Tjgarrett@hollandhart.com

Richard G. Schneebeck
Robert C. Jarosh
Lindsay A. Woznick
Hirst Applegate, P.C.
rschneebeck@hirstapplegate.com
rjarosh@hirstapplegate.com
lwoznick@hirstapplegate.com

Raymond W. Martin
Kristin M. Nuss
Sundahl, Power, Kapp & Martin
rmartin@spkm.org
knuss@spkm.org

Melissa E. Westby
Wyoming Attorney General's Office
Herschler Building, 1st Floor NW
Cheyenne, WY 82002
mwestb@state.wy.us

Kelly Rankin
Nicholas Vassallo
Assistant U.S. Attorney
nick.vassallo@usdoj.gov

/s/Karen Budd-Falen
Karen Budd-Falen